UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HAROLD P.,

           Plaintiff,

v.                                                                                        1:21-CV-0967
                                                                                          (ML)
COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for the Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION            AMANDA J. LOCKSHIN, ESQ.
  Counsel for the Defendant                              Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on March 13, 2023, during a telephone conference conducted

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 17) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 16, 2023
      Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
H.P.

vs.                                 1:21-CV-967

COMMISSIONER OF SOCIAL SECURITY



_____



                    DECISION AND ORDER


                    March 13, 2023


         The HONORABLE MIROSLAV LOVRIC,
            DISTRICT MAGISTRATE JUDGE




                A P P E A R A N C E S

For Plaintiff:     JUSTIN GOLDSTEIN, ESQ.

For Defendant:     AMANDA LOCKSHIN, ESQ.


               Ruth I. Lynch, RPR, RMR, NYSRCR
               Official United States Court Reporter
                  Binghamton, New York  13901
```

1         THE COURT:  All right.  The Court's going to begin
2    its reasoning and analysis and decision as follows.
3         So I start by indicating that the plaintiff in
4    this case has commenced this proceeding pursuant to
5    Title 42 United States Code Section 405(g) to challenge the
6    adverse determination by the Commissioner of Social Security
7    finding that he was not disabled at the relevant times and
8    therefore ineligible for the benefits that he sought.
9         By way of background, the Court notes as follows.
10   Plaintiff was born in 1976.  He is currently approximately
11   47 years old.  He was approximately 43 years old at the
12   alleged onset of his disability on July 1, 2019.  Plaintiff
13   stands approximately 5 feet 10 inches in height and weighs
14   approximately 234 pounds.
15        At the time of his administrative hearing on
16   January 22nd of 2021, plaintiff lived with his girlfriend.
17   He has a son who does not live with him on a regular basis.
18   Plaintiff attended regular education classes in high school
19   but left after completing the 10th grade.  He subsequently
20   obtained his GED.  His previous employment includes work as
21   the owner and operator of a pool cleaning business, a
22   warehouse supervisor, and a receiving clerk at a big box
23   hardware retailer.
24        Plaintiff has suffered lower back pain since a
25   fall in 2006.  He continued working until approximately July

1   of 2019 when the pain became too great to perform the heavy
2   lifting associated with his job.  Plaintiff had back surgery
3   in October of 2019.  He reported significant improvement in
4   the first few months after surgery but then described
5   worsening pain that prevented him from completing physical
6   therapy.
7           Procedurally the Court notes and sets forth as
8   follows.  Plaintiff applied for Title II benefits on
9   October 15 of 2019 alleging disability beginning on July 1,
10  2019.  In support of his claim for disability benefits,
11  plaintiff claims disability due to his chronic back pain.
12          Administrative Law Judge Robert Gonzalez conducted
13  a telephonic hearing on January 22nd of 2021 to address
14  plaintiff's application for benefits.  ALJ Gonzalez issued
15  an unfavorable decision on February 12 of 2021.  That
16  decision became the final determination of the Agency on
17  July 28 of 2021 when the Appeals Council denied plaintiff's
18  request for review.
19          This action was commenced on August 20th of 2021,
20  and it is timely.
21          In his February 12, 2021 decision, ALJ Gonzalez
22  first determined that plaintiff met the insured status
23  requirements of the Social Security Act through December 31
24  of 2023, and then the ALJ applied the familiar five-step
25  test for determining disability.

1         At step one, the ALJ concluded that plaintiff had
2    not engaged in substantial gainful activity since his
3    alleged onset date of July 1, 2019.
4         At step two, ALJ Gonzalez concluded that plaintiff
5    had the following severe impairments:  Degenerative disc
6    disease of the lumbar spine, status post laminectomy and
7    discectomy; obesity; rotator cuff tear; and rupture of the
8    right shoulder.
9         At step three, ALJ Gonzalez concluded that
10   plaintiff did not have an impairment or combination of
11   impairments that met or medically equaled the severity of
12   one of the listed impairments in 20 CFR Sections
13   404.1520(d), 404.1525, and 404.1526, the ALJ focusing on
14   listing 1.02 dealing with joint dysfunction and 1.04 dealing
15   with spinal disorders.
16        Next, the ALJ determined that plaintiff had the
17   residual functional capacity to perform less than the full
18   range of sedentary work.  And specifically the ALJ found
19   plaintiff could only occasionally stoop, kneel, crouch,
20   crawl, or climb ladders, ropes, scaffolds, ramps, and
21   stairs, and the ALJ also determined that plaintiff can only
22   occasionally reach overhead with his right upper extremity
23   and could not operate a motor vehicle on the job.
24        The ALJ based his RFC determination in part on the
25   persuasive opinion of non-examining state agency

1   psychological consultant Dr. May, as well as the partially
2   persuasive opinions of non-examining state agency
3   consultants Dr. Miller, Dr. Gary Elhart -- let me read that
4   again; Dr. Ehlert, that's E-H-L-E-R-T, consultative physical
5   examiner Dr. Justin Porto, consultative psychiatric examiner
6   Dr. Brett Hartman, and Dr. John Dalfino, who performed
7   plaintiff's post surgery evaluation.  The ALJ rejected the
8   opinions of treating nurse practitioner Emily Warburton and
9   non-examining psychiatric consultant Dr. L. Dekeon as
10  unpersuasive.
11           At step four, the ALJ relied on the vocational
12  expert testimony to determine that plaintiff was unable to,
13  that being not able, to perform any past relevant work.
14           Again relying on the vocational expert testimony,
15  the ALJ found that, considering plaintiff's age, education,
16  work experience, and residual functional capacity, that
17  there were jobs that existed in significant numbers in the
18  national economy that plaintiff can perform.  More
19  specifically, the vocational expert testified that plaintiff
20  could perform the requirements of representative occupations
21  such as document clerk, envelope clerk, and surveillance
22  system monitor.  Accordingly, the ALJ found that plaintiff
23  was not disabled from the alleged onset date through the
24  date of his decision.
25           Turning now to the plaintiff's arguments in this

1   case.  First, the Court begins by indicating that, as you
2   know, this Court's functional role in this case is limited
3   and extremely deferential.  The Court must determine whether
4   correct legal principles were applied and whether the
5   determination is supported by substantial evidence, which is
6   defined as such relevant evidence as a reasonable mind would
7   find sufficient to support a conclusion.  As the Second
8   Circuit noted in *Brault V. Social Security Administration*
9   *Commissioner*, that's found at 683 F.3d 443, a 2012 case, and
10  therein the Second Circuit noted that this standard is
11  demanding, more so than the clearly erroneous standard.  The
12  Court noted in *Brault* that once there is a finding of fact,
13  that fact can be rejected only if a reasonable fact-finder
14  would have to conclude otherwise.
15          Now, in this case on appeal, the plaintiff raises
16  several contentions in this proceeding.  First, plaintiff
17  alleges and argues that the ALJ failed to properly evaluate
18  the medical opinion evidence.  Plaintiff also argues that
19  the ALJ failed to adequately credit plaintiff's testimony
20  regarding his functional limitations.  Plaintiff also argues
21  that the ALJ improperly relied upon plaintiff's daily
22  activities in reaching an RFC determination.  And plaintiff
23  also contends that the ALJ failed to properly consider the
24  reasons for plaintiff's limited medical treatment following
25  back surgery.

1             The Court begins its analysis, reasoning, and
2    conclusion by starting and stating the following.  First,
3    this Court finds that substantial evidence supports the
4    ALJ's evaluation of the medical opinion evidence addressing
5    plaintiff's physical and mental impairments for the reasons
6    as set forth in defendant's brief, and the Court adds the
7    following analysis:  At their most basic, the amended
8    regulations governing evaluation of medical opinion evidence
9    require that the ALJ explain his findings regarding the
10   supportability and consistency for each of the medical
11   opinions, and, quote, pointing to specific evidence in the
12   record supporting those findings, end quote.  See case of
13   *Raymond M. versus Commissioner of Social Security* found at
14   5:19-CV-1313, and that is a Magistrate Judge Baxter decision
15   and that can be found at 2021 Westlaw 706645 at page 8, and
16   that's a Northern District New York February 22nd of 2021
17   case.  And therein the magistrate judge found, as I do, that
18   the ALJ did so in this case that's before this Court.
19            Now, plaintiff contends that the ALJ failed to
20   properly evaluate the opinion of consultative examiner
21   Dr. Porto, who opined that plaintiff had, quote, moderate to
22   marked, end quote, limitations for prolonged sitting,
23   standing, walking, bending, lifting, and carrying.  This
24   Court disagrees.  Well-established case law has found that,
25   quote, moderate to marked, end quote, description without

more to be unreliably vague. See the case of *Curry V. Apfeld*, that's 209 F.3d 117 at page 123, that's a Second Circuit 2000 case. See also case of *Ahmed A.J. versus Saul* found at 3:18-CV-197, and that's a 2019 Westlaw case at 4671513 at page 6. And that's a Northern District New York September 25, 2019 decision. Before discounting Dr. Porto's opinion, the ALJ conducted a reasonable inquiry for additional support in the objective results of Dr. Porto's examination of plaintiff, as well as the broader medical record, and the ALJ found none. In doing so, the ALJ did not identify any obvious gaps in the medical record that would have remedied -- excuse me, that would have been remedied by further development of the record. Accordingly, the ALJ's evaluation of Dr. Porto's opinion does not present grounds for remand.

Plaintiff likewise contends that the ALJ failed to properly evaluate the multiple opinions of treating nurse practitioner Emily Warburton, but this Court finds the ALJ applied the same standard to each of the medical opinions and conducted a reasonable review for consistency and supportability with the treating source's own notes and the broader medical record. In addition, plaintiff has not demonstrated how further development of the record would have altered the ALJ's view of Nurse Practitioner Warburton's opinions, which the Court notes all predated

plaintiff's back surgery.

In formulating plaintiff's RFC, the ALJ was not required to accept every limitation in the various medical opinions, nor craft an RFC mirroring a particular opinion. Here in this case the ALJ reasonably incorporated those portions of the opinions from Dr. May, Dr. Miller, Dr. Ehler, Dr. Porto, Dr. Hartman, and Dr. Dalfino that he deemed best supported -- that he deemed best supported by the longitudinal medical record, particularly those reflecting plaintiff's condition after back surgery.

Plaintiff also contends that the ALJ failed to adequately credit plaintiff's testimony regarding his physical limitations.  Recognizing that a claimant's subjective description of his symptoms cannot alone establish disability and that a reviewing Court must give great deference to the ALJ's assessment of hearing testimony, this Court finds that the ALJ marshaled substantial evidence to discount plaintiff's testimony in light of the medical opinion evidence deemed most persuasive, along with the longitudinal treatment record showing some improvement in plaintiff's symptoms after his surgery.  As part of his evaluation, the ALJ recognized that plaintiff did not have as complete a recovery as desired and had developed a right shoulder impairment that affected his reaching ability.

1          The ALJ also reasonably relied upon plaintiff's
2   daily activities when assessing plaintiff's credibility in
3   reaching an RFC determination.  Such daily activities, while
4   not dispositive on their own, are a relevant consideration
5   when evaluating a plaintiff's claimed symptoms and
6   limitations.
7          Finally, plaintiff contends that the ALJ held his
8   lack of follow-up treatment after his back surgery against
9   him, without considering the reasons for that delay, namely
10  a lack of health insurance and concerns about visiting
11  medical offices during the height of the COVID-19 pandemic.
12  Although the hearing transcript shows that the ALJ
13  questioned plaintiff about the scope of his recent
14  treatment, there is no indication that the ALJ held the lack
15  of extensive treatment against the plaintiff.  Rather, the
16  ALJ primarily based his RFC determination on the available
17  treatment record, the consultative examination that took
18  place several months after plaintiff's surgery, and the
19  consistent recommendation of conservative measures to
20  address plaintiff's impairments such as over-the-counter
21  pain medication and physical therapy.  Plaintiff has not
22  demonstrated that the lack of medical care altered the
23  objective medical findings or the course of his treatment.
24  Therefore, any error arising from the lack of discussion of
25  plaintiff's justification for delaying medical care would be

1  harmless.  See case of *Snyder V. Colvin* found at
2  667 F Appendix 319 at page 320, and that's a Second Circuit
3  2016 summary order.
4           After reaching the RFC determination, the ALJ
5  appropriately relied upon vocational expert testimony that
6  there were a number of sedentary work positions that
7  plaintiff could still perform, and thus the ALJ concluded
8  that plaintiff was not disabled.  Although plaintiff
9  highlights evidence that may support an alternative finding,
10 as long as the ALJ's position is supported by substantial
11 evidence, which this Court in this case finds that it is
12 here, this be Court must affirm the Commissioner's
13 disability determination.
14          So based upon this analysis and reasoning and a
15 result thereof, plaintiff's motion for judgment on the
16 pleadings is denied.  Defendant's motion for judgment on the
17 pleadings is granted.  Plaintiff's complaint is hereby
18 dismissed, and the Commissioner's decision denying plaintiff
19 benefits is affirmed.
20          This constitutes the reasoning, analysis, and
21 decision of this Court.
22                          - - - - -
23
24
25